**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

          Respondent-Plaintiff,

v.

Ijeoma Miriam Chanthavong,

          Petitioner-Defendant.

Criminal No. 22-210 (DWF)
Civil No. 26-1285 (DWF)

**MEMORANDUM**
**OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on three *pro se* motions filed by Petitioner-Defendant Ijeoma Miriam Chanthavong:  a motion to vacate under 28 U.S.C. § 2255 (Doc. No. 77), a motion to appoint counsel (Doc. No. 86), and a motion to reopen case (Doc. No. 87).  The United States of America opposes the motions.  (Doc. No. 82.)  For the reasons set forth below, the Court respectfully denies the motions.

## BACKGROUND

Chanthavong pleaded guilty to a charge of conspiracy to commit international money laundering on October 20, 2022.  (Doc. Nos. 1, 10.)  On April 19, 2023, the Court sentenced Chanthavong to three years of probation.  (Doc. No. 39.)  Judgment was entered on April 20, 2023.  (*Id.*)  Jean M. Brandl represented Chanthavong from the beginning of this matter through sentencing, as well as at one final probation revocation hearing in 2023.  (*See* Doc. Nos. 3, 38, 51, 58.)  Chanthavong is still on probation.  Her term is up in one day.

Chanthavong moves to vacate her sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel.  (Doc. No. 77.)  Specifically, she claims that Brandl (1) failed to advise her on the immigration consequences of her guilty plea, (2) pressured her to plead guilty, (3) discouraged proceeding to trial based on racial bias and fear, (4) refused to investigate or develop evidence of coercion, duress, and lack of intent, and (5) abdicated her duties during plea negotiations.  (*Id.* at 1.)  Chanthavong also requests that her case be reopened and claims that she did not have complete information before pleading guilty.  (Doc. No. 87.)

**DISCUSSION**

**I.      Motion to Vacate Under 28 U.S.C. § 2255**

     **A.      Analysis**

A federal prisoner may move to vacate, set aside, or correct their sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or their sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.* § 2255(b).

A one-year statute of limitations applies to § 2255 motions.  *Id.* § 2255(f).  That period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Here, Chanthavong did not appeal her judgment of conviction, so it became final on May 4, 2023, fourteen days after it was entered. *See* Fed. R. App. P. 4(b)(1)(A). Chanthavong filed her § 2255 motion on February 10, 2026, nearly three years after her judgment of conviction became final. So, her motion is untimely under § 2255(f)(1).

Chanthavong argues that her motion is not time-barred because § 2255(f)(4) extends the limitations period. (Doc. No. 77 at 3.) The Court disagrees. Chanthavong would have known of the facts supporting her claims at the time of her guilty plea, a date before her judgment of conviction became final. And, if she did not, those facts could have been discovered through the exercise of due diligence at the time of her guilty plea. Chanthavong would have known that Brandl was pressuring her to plead guilty, that Brandl had made comments about racially biased juries, that Brandl had refused to further investigate coercion and duress defenses, and that Brandl had abdicated her duties during plea negotiations. She alleges no "new" facts on these issues.

As for the immigration consequences claim, Chanthavong argues that she did not discover that her conviction constituted an aggravated felony carrying serious

3

immigration consequences until she was detained by U.S. Immigration and Customs Enforcement ("ICE") in December 2025 and subsequently served with a final removal order. (*Id.* at 1-2.) Alternatively, she seems to suggest that she could not have known of the immigration consequences at the time of her guilty plea because she was given incorrect information or the true consequences were otherwise concealed from her. (Doc. No. 88 at 5.) These assertions are clearly contradicted by the record. Furthermore, her arguments misinterpret the meaning of "fact" under § 2255(f)(4).

Where a noncitizen defendant makes a § 2255 claim regarding immigration consequences, the relevant "fact" that triggers the one-year limitations period is when the defendant knew or would have known through the exercise of due diligence that they face potential immigration consequences. *See, e.g.*, *United States v. Saaga*, No. 14-cr-20017, 2020 WL 1034626, at *5 (W.D. Ark. Feb. 14, 2020), *report and recommendation adopted*, 2020 WL 1031031 (W.D. Ark. Mar. 3, 2020). If that defendant knows before their guilty plea "that there are potential immigration consequences, the duty of due diligence arises at the time of the guilty plea." *Id.* (quoting *United States v. Jackson*, No. 10-40, 2016 WL 825972, at *2 (W.D. Pa. Mar. 3, 2016)). Moreover, § 2255(f)(4) "concerns the discovery of facts rather than such facts' legal significance." *Nyemah v. United States*, No. 24-cv-4057, 2024 WL 2974244, at *4 (D.S.D. June 13, 2024) (citing *Martin v. Fayram*, 849 F.3d 691, 697 (8th Cir. 2017)).

Chanthavong's plea agreement plainly shows that she was aware of the potential immigration consequences at the time of her guilty plea. The relevant paragraph states:

> **Immigration Consequences.** The defendant understands that pleading guilty may have consequences with respect to her immigration status, including removal or deportation. The defendant understands that no one, including her attorney, the Assistant United States Attorney or the District Court, can predict to a certainty the effect of her conviction on her immigration status. Regardless of any immigration consequences that may follow from her guilty plea, even automatic removal or deportation from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

(Doc. No. 12 ¶ 17.) The paragraph refers directly to "automatic removal or deportation." (*Id.*) Chanthavong does not dispute the legitimacy of her plea agreement. Rather, she disputes the legal impact of the language it contains. Chanthavong knowingly signed this agreement, and the Court covered its contents, including the immigration consequences paragraph, at the change of plea hearing. Specifically, the Court told Chanthavong that there could be removal or deportation proceedings following her guilty plea and asked her if she understood that. She said that she did. Therefore, Chanthavong cannot claim now that she was unaware of the potential consequences of her guilty plea until she was apprehended by ICE and served with a final order of removal. Moreover, knowledge of potential consequences triggers the statute, not the legal certainty of her removal.

Chanthavong relied on a case from the Second Circuit to argue that "[d]iscovery occurs when the defendant learns the actual, operative consequences, not when boilerplate language exists." (Doc. No. 77 at 3 (citing *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)).) That case does not discuss operative consequences and boilerplate language. Instead, it focuses on a situation where defense counsel did not timely file an appeal that the defendant asked them to file, and the defendant did not discover that failure until later on. *Wims*, 225 F.3d at 188. *Wims* does not apply here.

5

Chanthavong also argues that the Court should apply equitable tolling.  (Doc. No. 77 at 4.)  A defendant is entitled to equitable tolling only if they show (1) that they have been pursuing their rights diligently, and (2) that some extraordinary circumstance prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (relying on *Holland* test in the § 2255 setting).  Chanthavong has not shown or alleged that there was an extraordinary circumstance that prevented her from filing earlier.  Therefore, the Court will not equitably toll the statute of limitations.

In conclusion, the relevant date for calculating the statute of limitations is the date that Chanthavong's judgment of conviction became final, which is May 4, 2023.  Chanthavong did not bring her § 2255 motion before May 4, 2023, so her motion is time-barred and must be dismissed for lack of jurisdiction.

### B.    Evidentiary Hearing

A § 2255 motion can be dismissed without a hearing when:  (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Here, Chanthavong's allegations are contradicted by the record.

### C.    Certificate of Appealability

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App.

P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Here, no issue raised is debatable among reasonable jurists.  Therefore, no COA shall be issued.

## II.      Other Motions

Chanthavong filed two additional motions.  First, she moves to appoint counsel. (Doc. No. 86.)  First, "there is no general right to counsel in post-conviction habeas proceedings for criminal defendants."  *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999); *see Garza v. Idaho*, 586 U.S. 232, 245-46 (2019).  The Court denies her motion to appoint counsel.  Second, Chanthavong moves to reopen her case.  (Doc. No. 87.)  She asks that the Court reopen it so she may share her story and discuss her personal circumstances following her conviction.  (*Id.*)  She does not cite any legal authority to support reopening her case.  The Court does not have the authority to reopen her case without a reason, such as a motion to vacate under 28 U.S.C. § 2255. Chanthavong has not alleged any viable grounds under that statute, or any other statute. The Court denies her motion to reopen.

## CONCLUSION

Chanthavong's § 2255 motion is untimely, so it must be dismissed without prejudice.  The Court also denies her motion to appoint counsel and her motion to reopen the case.  The Court sympathizes with the difficulties of Chanthavong's situation

following the issuance of the final removal order.  Unfortunately, this was always a potential consequence of her guilty plea in this case, as acknowledged at the change of plea hearing, and there is nothing more this Court can do.  Any remedies regarding the final removal order must come through the usual immigration court proceedings.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner-Defendant Ijeoma Miriam Chanthavong's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [77]) is **DISMISSED** for lack of jurisdiction.

2.      No evidentiary hearing is required in this matter.

3.      No Certificate of Appealability will be issued to Petitioner-Defendant.

4.      Petitioner-Defendant Ijeoma Miriam Chanthavong's *pro se* motion to appoint counsel (Doc. No. [86]) is **DENIED**.

5.      Petitioner-Defendant Ijeoma Miriam Chanthavong's *pro se* motion to reopen case (Doc. No. [87]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 17, 2026                          s/Donovan W. Frank
                                                                DONOVAN W. FRANK
                                                                United States District Judge